186 Cal.App.4th 976 (2010)
In re A.C., a Person Coming Under the Juvenile Court Law.
SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES, Plaintiff and Respondent,
v.
S.E. et al., Defendants;
A.C. Appellant.
No. H034769.
Court of Appeals of California, Sixth District.
July 15, 2010.
*978 Catherine C. Czar, under appointment by the Court of Appeal, for Appellant.
Miguel Marquez, Acting County Counsel, and Susan S. Ware, Deputy County Counsel, for Plaintiff and Respondent.

OPINION
RUSHING, P.J.
The aim and purpose of Welfare and Institutions Code section 387[1] is the removal of a dependent child from the custody of a parent, guardian, relative, or friend and the placement of that child in a foster home or county institution. The section provides the procedure by which such placement change is made, and is, by design to be used for children who have not been freed for adoption. Section 387 does not contemplate placement in an adoptive home, and is not appropriate for children for whom parental rights have been terminated.
The aim and purpose of section 388 is to provide a means for any person having an interest in a dependent child to petition the court for a hearing to change or modify a previous court order. The section is broad in scope, and encompasses any change in circumstances affecting the dependent child. Section 388 is appropriate for a child who has been freed for adoption, and provides a procedural vehicle to change the child's placement based on changed circumstances.
Here, appellant is a juvenile dependent that was freed for adoption, but is no longer in an adoptive home. In July 2009, the Santa Clara Department of Family and Children's Services (the Department) moved A.C. from a temporary foster home to a group home, using a supplemental petition under section 387.
*979 We hereby reverse the judgment. The trial court erred in allowing the Department to use a section 387 petition in this case, because a section 388 petition is the appropriate procedural means to move a minor freed for adoption to a more restrictive placement.

PROCEDURAL BACKGROUND[2]
The Department filed a supplemental petition on July 29, 2009, to remove A.C. from her temporary foster home and place her in a community care facility. At the hearing on August 18, 2009, A.C. had no objection to the removal from the foster home and placement in the group home; however, she did object to the Department's use of the supplemental petition under section 387. A.C.'s objection was based in part on her assertion that the section 387 petition might have a negative impact on her due to the court's factual findings.
In response, the Department asserted because A.C. was a child who had been freed for adoption, it was not required to file either a section 387 or 388 petition for a change in placement, but as a local practice, the Department continued to file section 387 petitions in similar cases.
In ruling on the petition, the court stated: "The issue, specifically, is whether the 387 process is the appropriate process in a circumstance such as this. First of all, for a free child, and second, when the Department is seeking to change the placement of a child from a less restrictive to a more restrictive placement. . . . In terms of whether a 387 petition is required for free children, the court finds it's not required. I do think it's a good mechanism to provide notice, due process, and a clear standard of proof."
The matter was submitted on the social worker's report, and the court ordered A.C.'s placement to include a community care facility.
A.C. filed a notice of appeal on September 22, 2009.

DISCUSSION
A.C. asserts on appeal that the court erred in allowing the Department to proceed under a section 387 petition, and instead, should have required the Department to file a petition under section 388. She does not object to the court's order that she be removed from foster care and placed in a group home. Indeed, in her opening brief for this appeal, A.C. "asks this court, *980 without disturbing the order approving the minor's group home placement.. . to reverse the juvenile court's finding that a petition under section 387 is the appropriate legal vehicle for requesting a change from foster home placement to group home placement after parental rights have been terminated." Moreover, she requests this court find that a section 388 petition is the appropriate legal method for the change in her placement, and to remand the case to the trial court with instructions that the court make new findings approving A.C.'s placement under section 388.
Section 387 provides, in relevant part: "(a) An order changing or modifying a previous order by removing a child from the physical custody of a parent, guardian, relative, or friend and directing placement in a foster home, or commitment to a private or county institution, shall be made only after noticed hearing upon a supplemental petition." In addition, section 387 requires the following: "(b) The supplemental petition shall be filed by the social worker in the original matter and shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition had not been effective in the rehabilitation or protection of the child . . . ."
While A.C. does not object to her change of placement in this appeal, she does object to a fundamental aspect of the use of the section 387 petition, and made such objection in the trial court. A.C.'s principal complaint with the section 387 petition relates to the factual findings the court made in conjunction with the petition. In particular, A.C. asserts section 387 "requires a showing of negatives," because it requires a "statement of facts that show the previous placement has not been effective in rehabilitating or protecting the minor." A.C. further argues that in order to sustain the petition, section 387, subdivision (b) required the court to find specific, negative factual allegations to be true. Here, specifically, the court found that A.C. is destructive of property, is sexually inappropriate, uses foul language and bothers and disturbs others with whom she lives. A.C. argues these specific factual findings are harmful to her, and establish grounds for her appeal.
Case law supports A.C.'s argument that section 387 does not apply to children freed for adoption. In In re A.O. (2004) 120 Cal.App.4th 1054 [16 Cal.Rptr.3d 117], the court reviewed the plain language of the statute, and determined section 387 is used when the department "seeks to place the child in a foster home or commit the child to an institution. [Citations.]" (120 Cal.App.4th at p. 1060.) The court stated further, "if the child needs to terminating parental rights exist, the court must select adoption as the placed in a foster home or an institution, parental rights are not terminated. [Citations.] Contrarily, when a child is adoptable and no exceptions to terminating parental rights exist, the court must select adoption as the *981 permanent plan [citation] and the Agency would not be seeking to place the child in foster care or an institution as a permanent placement. Because the placement sought by a section 387 petition is not an adoptive home, such a petition is not intended to be used once parental rights have been terminated." (Ibid., fn. omitted.)
(1) Our review of the plain language of the statute, like that of the court in In re A.O. dictates that section 387 is not applicable to a freed child such as A.C. in the present case. Specifically, section 387, subdivision (a) is clear that the section is applicable when the order to modify the placement is made regarding a child removed from the physical custody of a "parent, guardian, relative, or friend." In the present case, A.C. was already freed for adoption, and was not in the custody of a "parent, guardian, relative, or friend," rather, she was in the physical custody of foster parents. In addition, while the Department was requesting her removal from that home, and placement in a group home, it was doing so after A.C. had been freed for adoption. By its terms, a petition under section 387 is inappropriate in circumstances where the minor has been freed for adoption.
(2) Unlike section 387, section 388 is broader in scope, and is the appropriate means to change the placement of a child who is a dependent of the court. Section 388 provides, in relevant part: "(a) Any ... person having an interest in a child who is a dependent child of the juvenile court ... may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court ... for a hearing to change, modify, or set aside any order of [the] court previously made or to terminate the jurisdiction of the court. The petition shall be verified and, if made by a person other than the child, shall state the petitioner's relationship to or interest in the child and shall set forth in concise language any change of circumstance or new evidence which are alleged to require the change of order or termination of jurisdiction."
In addition to the broad scope of section 388, it also does not require the same degree of specific factual findings as section 387. Indeed, in the present case, the court would only be required to make a finding of a change in A.C.'s circumstances in order to move her to a different placement, rather than specific, negative findings as required by section 387.
(3) Based on the language of both sections, we find that section 388, rather than section 387 is the appropriate legal means under which a supplemental petition regarding a freed dependent child should be filed.

*982 DISPOSITION
The judgment is reversed, and the matter is remanded to the trial court with instructions that the Department file a section 388 petition requesting the change in placement for the minor in this case.
Premo, J., and Elia, J., concurred.
NOTES
[1] All further statutory references are to the Welfare and Institutions Code.
[2] The underlying facts are not relevant to the issue on appeal.